IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL OWENS,<br><br>           Plaintiff,<br><br>      v.<br><br>STEPHEN B. CHASKO, an individual,<br>   and DOES 1 through 10, inclusive,<br><br>           Defendants. | 1:11-CV-0335 AWI GSA<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT<br><br>ORDER VACATING APRIL 11, 2011 HEARING<br><br>(Document #5) |

## BACKGROUND

On February 25, 2011, Defendant Stephen B. Chasko removed this action to this court. In the removal notice, Defendant states that this court has diversity jurisdiction pursuant 28 U.S.C. § 1332.  On March 4, 2011, Defendant filed a motion to dismiss the complaint on the ground that this court lacks personal jurisdiction over Defendant.  This motion was set for hearing to be held on April 11, 2011.

On March 22, 2011, Plaintiff filed his first amended complaint for damages.  The first and second causes of action allege abuse of process based on the misuse of the discovery process.  The third cause of action alleges abuse of process based on improper filings.  The fourth cause of action alleges intentional infliction of emotional distress.  The amended complaint also contains additional allegations concerning the court's personal jurisdiction over Defendant.

## DISCUSSION

Before resolving the merits of Defendant's March 11, 2011 motion to dismiss, the court must determine whether the amended complaint is properly before the court.  In addition, the court must determine the amended complaint's impact on the motion to dismiss.

1      Rule 15(a) of the Federal Rule of Civil Procedure permits a plaintiff to amend the original complaint only one time in the course of a case.   Rule 15(a)(1)(B) provides that a party's right to amend as a matter of course terminates "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(B).   Once this 21-day period has passed "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2).

     The motion to dismiss was filed on March 3, 2011.   The first amended complaint was filed March 22, 2011.   The amended complaint was filed 19 days after the motion to dismiss brought pursuant to Rules 12(b)(2).   Plaintiff's amended complaint was filed within the 21 day window after service of a Rule 12(b) motion.   Therefore, Plaintiff did not need permission to file the amended complaint.

     Plaintiff's amended complaint supersedes the original complaint in its entirety, and the court is now proceeding with the amended complaint. Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010); London v. Coopers & Lybrand, 644 F.2d 811 (9th Cir.1981); Guillen v. Fox, 2011 WL 1134459, at *7 (E.D.Cal. 2011); White v. Cash, 2011 WL 1045174, at *1 (N.D.Cal. 2011); Johnson v. KHS & S Contractors, 2011 WL 837029, at *3 (E.D.Cal. 2011); Brown v. Gonzales, 2011 WL 826281, at *6 (E.D.Cal. 2011); Banks v. ACS Educ., 2011 WL 811601, at *2 (S.D.Cal. 2011); Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc., 690 F.Supp.2d 959, 965 (D.Ariz. 2010).   A plaintiff waives all causes of action alleged in the original complaint that are not alleged in the amended complaint. New York City Employees' Retirement System v. Jobs,  593 F.3d 1018, 1025 (9th Cir. 2010); Robles v. Management & Training Corporation, 2010 WL 5477670, at *3 (E.D.Cal. 2010).

     Based on Rule 15(a) and the law that states the original complaint is now superseded, Defendant's motion to dismiss addressing the original complaint is now moot.

//

Accordingly, the court ORDERS that:

1. Defendant's motion to dismiss, filed on March 4, 2011, is DENIED without prejudice to Defendant re-noticing a new motion to dismiss based on the March 22, 2011 amended complaint; and

2. The April 11, 2011 hearing date is VACATED.

IT IS SO ORDERED.

Dated:  April 6, 2011                              _____
                                                   CHIEF UNITED STATES DISTRICT JUDGE